GAMBLE *v.* GAMBLE.

[Cite as Gamble v. Gamble, 6 Ohio Misc. 159.]

(No. DR 37515—Decided January 18, 1966.)

Common Pleas Court, Stark County.

*Mr. Robert E. Mylett,* for plaintiff.
*Mr. Donald O. Curtis,* for defendant.

McCARROLL, J. This matter comes on for hearing on an appeal by the plaintiff from a ruling of the referee reducing the former order of the court relating to alimony.

Since the referee's recommendation was journalized into a court order, this matter will be considered as a motion to the court to reconsider the previous order made in keeping with the referee's opinion, which order was journalized on December 27, 1965.

The record shows in the decree of divorce granted the plaintiff on May 27, 1960, that the court among other things found that the parties had previously entered into a separation agreement with respect to division of property, alimony, and other matters relating to said marriage; and that said agreement is reasonable and fair, and the court hereby adopts and

approves the same and makes said separation agreement a part of the decree, the same as though fully rewritten herein, a copy of said agreement being attached thereto and marked "Exhibit A."

In the hearing before the referee it was found that plaintiff is now receiving Social Security benefits by reason of her former marriage to the defendant; that said benefits do not diminish in any way the benefits received or to be received by the defendant, and that defendant made no specific contribution that is a basis of these benefits.

At the time this divorce was granted, a divorced wife was not entitled to collect Social Security benefits based upon her husband's employment. However, Congress amended the Social Security Act in 1965 giving a wife the right to collect benefits as the spouse of her husband if the marriage had a duration of 20 years or more prior to the time of divorce. This legislation gave to a class a benefit that did not exist prior to its passage. It was a boon to a divorced woman who could qualify, without any penalty attached to the divorced husband. The amendment does not, nor does it contemplate, nor did it intend to give any relief or credit to a husband who was paying alimony.

It will be noted that this matter was brought before the court upon a motion filed by defendant after the term of court in which the decree was entered. The court questions whether this is permissible under Ohio law, but whether the matter was instituted by motion or by petition would make no difference as to the conclusion to be reached in this matter.

The voluntary agreement made by the parties was incorporated into and made a part of the decree without any reservation of jurisdiction by the court. It is not alleged in any manner whatever that any mistake, misrepresentation, or fraud occurred in consummation of the agreement.

This alimony decree is based on a voluntary agreement between the parties and is not subject to modification by the court after term in the absence of mistake, misrepresentation, or fraud and *in the absence of a reservation of jurisdiction with reference thereto.* See *Newman* v. *Newman,* 161 Ohio St. 247.

The conclusion, therefore, arrived at by the referee wherein it was ordered the defendant-husband should have the bene-

fit of half of the Social Security payment toward his alimony obligation, and the plaintiff-wife should receive half without any such claim is erroneous.

Therefore, the appeal of plaintiff is sustained, and the entry heretofore filed on December 27, 1965 is set aside and defendant's motion of November 3, 1965 is overruled with exceptions.

*Judgment accordingly.*